## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**DARELL L. FIELDS**,

      Plaintiff,

v.                                                                            8:25-cv-00844-WFJ-AAS

**BRIAN HAAS,**
**HAROLD V. BENNETT,**
**THE STATE OF FLORIDA**,

      Defendant.

_____/

## <u>ORDER</u>

Plaintiff Darell L. Fields, proceeding *pro se*, raises three claims against Defendant State Attorney Brian Haas, Assistant State Attorney Harold Bennett ("ASA Bennett"), and The State of Florida. Dkt. 1 at 14–17. Mr. Fields alleges the following counts in violation of 42 U.S.C. § 1983 and the Fourth Amendment: Count One—unlawful arrest against State Attorney Haas, ASA Bennett, and The State of Florida; Count Two—malicious prosecution against State Attorney Haas and ASA Bennett; and Count Three—municipal liability for failure to train against The State of Florida. *Id.* The State of Florida, however, has not been effectually served at this time. State Attorney Haas and ASA Bennett now move to dismiss Mr. Fields'

1

complaint for failing to state a claim and on grounds of absolute immunity. Dkt. 6 at 1. The Court dismisses Plaintiff's complaint without prejudice.

## BACKGROUND

When considering a motion to dismiss based on absolute immunity, this Court is required to "make two important assumptions about the case: first, that [Plaintiff's] allegations are entirely true; and, second, that they allege constitutional violations for which § 1983 provides a remedy." *Rivera v. Leal*, 359 F.3d 1350, 1351 (11th Cir. 2004) (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 261 (1993)). The following "statement of facts is therefore derived entirely from [Plaintiff's] complaint and is limited to matters relevant to [Defendants'] claim to absolute immunity." *Id.*

In May of 2021, Mr. Fields was arrested for fleeing or attempting to elude a law enforcement officer and resisting an officer without violence. Dkt. 6 at 1. ASA Bennett filed a Notice of Nolle Prosequi on November 14, 2022, dismissing the charges. *Id.* at 1–2; Polk County Case No. 21-CF-003614. The current complaint stems from the events of the arrest and prosecution of Mr. Fields. *See generally* Dkt. 1.

Mr. Fields alleges he was arrested without probable cause and was illegally charged based on a fabricated police report. *Id.* ¶¶ 9–13. Additionally, he alleges that State Attorney Haas and ASA Bennett were negligent in relying on the fraudulent and fabricated police report; that they "failed to investigate into the information

received from law enforcement . . . to determine . . . whether . . . the charges were proper . . ."; and that they knew that the officer had forged the documents, yet they still issued them to the court. *Id.* ¶¶ 12, 13, 18.

On March 30, 2022, Mr. Fields submitted a motion to obtain an allegedly exculpatory phone video he had recorded at the scene, and which was confiscated by the arresting officer as evidence. *Id.* ¶¶ 30, 82. An order was entered to grant access to extract the video, yet ASA Bennett failed to take the necessary actions to obtain the phone evidence from the Lakeland Police Department. *Id.* ¶¶ 30–47. GPS tracking showed the phone was taken from the scene to the police department. *Id.* ¶ 36. However, it was later taken from the police department to the arresting officer's home. *Id.* ¶ 37. Mr. Fields alleges ASA Bennett participated in evidence tampering and lied to the court to conceal the video evidence. *Id.* ¶ 27. Furthermore, Plaintiff alleges that ASA Bennett fabricated witnesses by saying there were two more officers who could testify against Mr. Fields at trial. *Id.* ¶ 48. This statement was later contradicted because the arresting officer was the only person to witness the full events of the arrest. *Id.* ¶ 51.

In response, State Attorney Haas and ASA Bennett claim to have absolute immunity in their roles in prosecuting Mr. Fields. Dkt. 6 at 1. Defendants claim that all allegations stem from the Defendants' roles as prosecutors and not as

investigators or administrators. *Id.* at 3, 5. Additionally, the Defendants move to dismiss for failure to state a claim for relief. *Id.* at 1.

## LEGAL STANDARD

Under Rule 12(b)(6), a defendant may move to dismiss a complaint if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When analyzing a complaint, the Court is required to take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Legal conclusions and conclusory allegations, however, "are not entitled to the assumption of truth." *Id.* at 680; *see also Papasan v. Allain*, 478 U.S. 265, 286 (1986) (stating that legal conclusions "couched" as facts need not be accepted as true); *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003) (stating that "legal conclusions masquerading as facts" will not prevent dismissal). The facts, taken as true, must be sufficient "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The pleadings of *pro se* litigants are held "to less stringent standards than formal pleadings drafted by lawyers" and must be liberally construed. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (quoting *Haines* v. *Kerner*, 404 U.S. 519, 520 (1972)). However, *pro se* litigants are subject to the same laws and rules of court as litigants who are represented by counsel. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). The Court will not rewrite a *pro se* plaintiff's complaint to find a

claim. *See Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993). When the pleading problems in a *pro se* plaintiff's complaint would be remedied by more specific allegations, the district court must dismiss with leave to amend. *See Thomas v. Town of Davie*, 847 F.2d 771, 773 (11th Cir. 1988); *Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1292 (11th Cir. 2018).

## DISCUSSION

Absolute immunity bars Mr. Fields' claims against State Attorney Haas and ASA Bennett. The Supreme Court has explained that there is absolute immunity in a civil suit for damages under § 1983 actions when engaging in activities "intimately associated with the judicial phase of the criminal process." *Van de Kamp v. Goldstein*, 555 U.S. 335, 341 (2009) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). "A prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government." *Rivera*, 359 F.3d at 1353 (citing *Buckley*, 509 U.S. at 273). When determining whether a prosecutor is entitled to absolute immunity, the Supreme Court has repeatedly endorsed the use of a "functional approach." *Buckley*, 509 U.S. at 269. Therefore, this Court looks to "the nature of the function performed, not the identity of the actor who performed it." *Id.* (quoting *Forrester v. White*, 484 U.S. 219, 229 (1988)). "[T]he official seeking absolute immunity bears the burden of showing that such immunity is justified for the function in question." *Burns v. Reed*, 500 U.S. 478, 486 (1991).

Absolute immunity extends to functions such as the initiation and pursuit of criminal prosecution, *Imbler*, 424 U.S. at 431, and most appearances before the court, including examining witnesses and presenting evidence. *See Burns*, 500 U.S. at 492. The Eleventh Circuit has also extended this absolute immunity to prosecutors' "acts undertaken in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State." *Hart v. Hodges*, 587 F.3d 1288, 1295 (11th Cir. 2009) (first quoting *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999); and then citing *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1279 (11th Cir. 2002)); *see also Kassa v. Fulton Cnty., Ga.*, 40 F.4th 1289, 1293 (11th Cir. 2022). A prosecutor maintains absolute immunity when he uses false testimony or suppresses exculpatory evidence at trial. *Fullman v. Graddick*, 739 F.2d 553, 558–59 (11th Cir. 1984); *Rowe*, 279 F.3d at 1279–80 (holding that even if a prosecutor knowingly proffered perjured testimony or fabricated evidence, he is entitled to absolute immunity from liability). Furthermore, "[a]bsolute immunity renders certain public officials completely immune from liability, even when their conduct is wrongful or malicious prosecution." *Hart*, 587 F.3d at 1298. The prosecutorial function, however, specifically excludes functioning as either an investigator, *Buckley*, 509 U.S. at 275, or as a complaining witness, *Kalina v. Fletcher*, 522 U.S. 118, 129–31 (1997).

In this case, accepting the allegations in the complaint as true, ASA Bennett and State Attorney Haas acted entirely within their role as prosecutors and fully within the judicial phase of the criminal process. First, case law is clear that ASA Bennett and State Attorney Haas have absolute immunity from the malicious prosecution claim in Count Two. *Malley v. Briggs*, 475 U.S. 335, 342–43, (1986); *Hart*, 587 F.3d at 1295. Additionally, Mr. Field's allegation that ASA Bennett "ignored the readily available exculpatory information," that being the phone video, will be barred by absolute immunity. Dkt. 1 ¶ 82; *Fullman*, 739 F.2d at 558–59 (dismissing plaintiff's claims that the prosecuting attorney conspired to withhold evidence and to create and proffer perjured testimony); *Rowe*, 279 F.3d at 1279–80 (finding that even if the prosecutor "knowingly proffered perjured testimony and fabricated exhibits at trial, he is entitled to absolute immunity from liability for doing so"). Therefore, all factual allegations that ASA Bennett and State Attorney Haas committed perjury or presented fabricated evidence to the court will be barred by absolute immunity.

Next, ASA Bennett and State Attorney Haas did not function as investigators. A prosecutor steps out of his role as an advocate when he performs "the investigative functions normally performed by a detective or police officer . . . ." *Buckley*, 509 U.S. at 273; *see also Burns*, 500 U.S. at 496 (finding no absolute immunity for a prosecutor who gives legal advice to police during pretrial investigation); *Jones*, 174

F.3d at 1285 (noting the prosecutor is only entitled to immunity for his conduct during the "judicial phase" of a case). When a prosecutor performs such investigative functions, it is "neither appropriate nor justifiable that, for the same act, [absolute] immunity should protect the one and not the other." *Buckley*, 509 U.S. at 273 (quoting *Hampton* v. *Chicago*, 484 F.2d 602, 608 (7th Cir. 1973)). A prosecutor functions as an investigator when he searches for clues and corroboration that might give him probable cause to recommend an arrest. *Buckley*, 509 U.S. at 273. Examples of such actions include visiting a crime scene, *id.* at 274–75, or participating in the search of a suspect's apartment, *Rowe*, 279 F.3d at 1280.

The Supreme Court in *Buckley* explained that "[t]here is a difference between the advocate's role in evaluating evidence and interviewing witnesses as he prepares for trial, on the one hand, and the detective's role in searching for the clues and corroboration that might give him probable cause to recommend that a suspect be arrested, on the other hand." *Buckley*, 509 U.S. at 273. This case clearly represents the former. ASA Bennett and State Attorney Haas did not behave like detectives to search for additional evidence or corroboration. Unlike the plaintiff in *Buckley*, Mr. Fields had already been arrested and the evidence, such as the police report, had been gathered when ASA Bennett charged him. There are no factual allegations in the complaint that the prosecutors further investigated into the arrest, such as visiting the crime scene or searching for more evidence. *See Rowe*, 279 F.3d at 1281–82

(finding the prosecutor had only qualified immunity, not absolute immunity, for his investigatory actions in his search of the plaintiff's apartment); *Buckley*, 509 U.S. at 274–76 (holding that the prosecutor's role in searching the crime scene where he allegedly fabricated evidence during the preliminary investigation was not protected by absolute immunity). In fact, the allegations support the opposite. Mr. Fields alleges Defendants "failed to investigate into the information received from law enforcement . . . to determine . . . whether . . . the charges were proper . . . ." Dkt. 1 ¶ 13.

Even if Defendants did behave in an investigative role at some point, all allegations that Defendants violated Plaintiff's clearly established rights, such as charging without probable cause, proffering a fabricated police report, and withholding the phone video, occurred within the prosecutor's role as an advocate. *See Rowe*, 279 F.3d at 1281 (finding that the plaintiff failed to allege any violation of clearly established rights while the prosecutor was acting in an investigative role). Therefore, Mr. Fields has failed to allege State Attorney Haas and ASA Bennett stepped outside their prosecutorial role into that of an investigator.

Additionally, a prosecutor steps out of the role of an advocate when he or she acts as a complaining witness. *Kalina*, 522 U.S. at 131. This exception occurs when a prosecutor personally swears to the truth of the information shared with the court. *Id*. at 129–30. In *Kalina*, the Supreme Court held that the prosecutor acted as a

complaining witness when she filed a sworn certification of probable cause, which contained two inaccurate factual statements. *Id.* at 121. In this case, there are no alleged sworn filings with the Polk County Court. *See Rivera*, 359 F.3d at 1355 (finding the sworn/unsworn distinction is determinative). Therefore, ASA Bennett and State Attorney Haas will be shielded by absolute immunity from the alleged lies that they told the court, including relying on the fabricated police report, misstating the number of witnesses, and misrepresenting the availability and location of the phone video. *See id.* (holding that unsworn and inaccurate statements were shielded by absolute immunity even though the prosecutor was careless to share inaccurate information without checking further).

The Supreme Court has made it clear that the primary importance of absolute immunity for prosecutors is to protect the proper functioning of the office, rather than the interest in protecting its occupant. *Kalina*, 522 U.S. at 125. In granting prosecutorial immunity, the Eleventh Circuit has stated that "[i]f the impact of our holding is that prosecutors seeking the release of an innocent person are permitted to 'investigate' slightly more than they otherwise can and still be absolutely immune, so be it. The alternative—creating an environment where a prosecutor . . . might fear exposure to vexatious litigation—would be far worse." *Rivera*, 359 F.3d at 1354 (citing *Imbler*, 424 U.S. at 428).

In summary, when accepting Mr. Fields' factual allegations as true, he has failed to allege that ASA Bennett and State Attorney Haas have acted outside their prosecutorial function, in which they are not shielded by absolute immunity. Therefore, this Court grants the Defendants' motion to dismiss, Count One—unlawful arrest and Count Two—malicious prosecution, on grounds of absolute immunity.

## CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED**:

Defendants' motion to dismiss, Dkt. 6, is granted. Plaintiff's complaint is dismissed without prejudice. Should Plaintiff choose to file an amended complaint, he must do so within 21 days. Defendants are free to raise and re-raise any relevant arguments in a subsequent motion to dismiss. If no amended complaint is on file within 21 days, this case will be closed permanently.

Additionally, Plaintiff is cautioned that he must serve the other Defendant in the manner and timeframe required by Federal Rule of Civil Procedure 4 and Fla. Stat. § 48.121. Plaintiff must show proof of proper service of any amended complaint in writing on the docket within 31 days of this Order. If proper service is not shown on this docket by that date the Court will dismiss all counts against the State of Florida.

**DONE AND ORDERED** in Tampa, Florida, on June 17, 2025.

/s/ William F. Jung
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**<u>COPIES FURNISHED TO</u>**:
Counsel of Record
Plaintiff, *pro se*